UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-666-RJC
(3:15-cr-121-RJC-SCR-22)

| | |
|---|---|
| LUIS ORDONEZ-VEGA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on the pro se Petitioner's Motion for Reconsideration [Doc. 6].

In the underlying criminal case, Petitioner was found guilty of RICO conspiracy, murder in aid of racketeering, and discharging a firearm during and in relation to a crime of violence, and he was sentenced to consecutive terms of life imprisonment. [3:15-cr-121 ("CR") Doc. 825 (Verdict); CR Doc. 1101 (Judgment)]. The Fourth Circuit Court of Appeals affirmed the conviction and sentence on direct appeal, and the United States Supreme Court denied certiorari. See United States v. Zelaya, 908 F.3d 920, 925 (4th Cir. 2018); Ordonez-Vega v. United States, 140 S.Ct. 314 (2019).

In 2019, Petitioner filed a Motion to Vacate that was denied on the merits, Case No. 3:19-cv-579-RJC. Ordonez-Vega v. United States, 2020 WL 7212582 (W.D.N.C. Dec. 7, 2020). The Fourth Circuit dismissed the Petitioner's appeal. United States v. Ordonez-Vega, No. 21-6075, 2023 WL 1775676 (4th Cir. Feb. 6, 2023).

Petitioner filed a "Petition Pursuant to Federal Rule 60(b)(4) & (6) and the All Writs Act for Relief from Void Judgment" in the instant case on September 19, 2023. [Doc. 1]. On December

1, 2023, the Court construed the Petition as an unauthorized second or successive Motion to Vacate which was dismissed for lack of jurisdiction and, alternatively, the Court denied Petitioner's claims for coram nobis relief pursuant to the All Writs Act, 28 U.S.C. § 1651. [Doc. 2]. Petitioner filed a Notice of Appeal on November 27, 2023, which is presently pending before the Fourth Circuit in Case No. 24-6013. [See Doc. 5].

On November December 18, 2023,[1] Petitioner filed the instant Motion for Reconsideration of the Court's December 1 Order. [Doc. 6]. He argues that his Petition is cognizable pursuant to Rule 60(b)(4) and (6) and coram nobis, and that the Court erred by failing to judicially notice the underlying facts and to consider his arguments on the merits. He asks the Court to reconsider its Order and to grant him all relief that it deems just and proper. [Id. at 3].

The instant Motion is construed as seeking relief pursuant to Rule 59(e). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) (where a request for reconsideration is filed within twenty-eight days after the final judgment, Rule 59(e) controls); see also Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). As a preliminary matter, the Court notes that it has jurisdiction to consider Petitioner's Rule 59(e) motion during the pendency of the appeal of the final judgment order. See Fed. R. App. P. 4(a)(4)(A)(iv) ("If a party files in the district court [a Rule 59 motion to alter or amend the judgment] – and does so within the time allowed by [that rule] – the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion"); Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) [including a Rue 59 motion to alter or amend] – the notice becomes effective to appeal

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered").

A Rule 59(e) motion to alter or amend may only be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Here, the Petitioner failed to demonstrate that reconsideration is warranted under Rule 59(e). He does not identify an intervening change in controlling law, new evidence that was not available at trial, or a clear error of law; nor has he shown that relief is needed to prevent a manifest injustice. Petitioner merely presents arguments that were, or could have been, presented in his Petition. See Hill, 277 F.3d at 708. He essentially asks the Court consider his claims on the merits notwithstanding that the Court lacks jurisdiction to consider unauthorized second or successive § 2255 petitions, and that relief is unavailable under § 1651. The Petitioner's disagreement with these conclusions provides no basis for Rule 59(e) relief and the Motion for Reconsideration will, therefore, be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration [Doc. 6] is **DENIED**.

Signed: April 16, 2024

Robert J. Conrad, Jr.
United States District Judge